■ In the Matter of WILLIS X. BRYANT, Respondent, v. WALTER H. WILKINS, as Warden of Attica Prison, et al., Appellants. In the Matter of GEORGE X. JONES, Respondent, v. WALTER H. WILKINS, as Warden of Attica Prison, et al., Appellants. In the Matter of JOSEPH X. MAGETTE, Respondent, v. WALTER H. WILKINS, as Warden of Attica Prison, et al., Appellants.— Order unanimously reversed and matters remitted to Erie County Special Term for further proceedings in accordance with memorandum. Memorandum: We agree with the conclusion of Special Term that no triable issue is presented as to whether the beliefs of the organization (Islamic religion known as Muslims and followers of the sect led by Elijah Muhammed) with which respondents associate themselves constitute a "religion" (cf. *Sostre* v. *McGinnis,* 334 F. 2d 906, cert. den. 379 U. S. 892; *Matter of Brown* v. *McGinnis,* 10 N Y 2d 531; *Matter of Shaw* v. *McGinnis,* 14 N Y 2d 864). Special Term erred, however, in implementing this conclusion by directing appellant, Commissioner, to prepare revised regulations which in effect would grant to respondents broad and sweeping rights to practice their religion within a prison of this State. This determination completely ignored the factual issue presented by appellants that maintenance of proper discipline in prisons might well necessitate the circumscription by rules and regulations of the religious rights of respondents. The issue was well stated in *Sostre* v. *McGinnis* (*supra,* p. 908) as follows: "But before we reach the question of equality of treatment, we should point out that the practice of *any* religion, however orthodox its beliefs and however accepted its practices, is subject to strict supervision and extensive limitations in a prison. The principal problem of prison administration is the maintenance of discipline. Attica Prison is a maximum security prison designed for the detention of only the most desperate criminals. No romantic or sentimental view of constitutional rights or of religion should induce a court to interfere with the necessary disciplinary regime established by the prison officials." Appellants, with commendable frankness, concede that under the rules and regulations promulgated by appellant, Commissioner, on June 29, 1962 (as supplemented by a "Statement of Policy" of January 23, 1964) respondents and those similarly situated will find it difficult, if not impossible, to practice their religion in the prisons of this State. These rules and regulations present the initial factual issue. Petitioners claim they are unnecessarily restrictive and deny them the right to practice their religion. The appellants on the other hand contend that upon a hearing they will be able to establish on a factual basis that the practice of this particular religion in a State prison is incompatible with the preservation of prison security and discipline. If following a hearing appellants by a preponderance of the proof establish this contention, then the present rules and regulations should be found to be proper and sufficient. On the other hand, if respondents establish by proof

that the rules presently in effect are unnecessarily restrictive then the trial court should make factual findings implemented by appropriate order directing appellant Commissioner to prepare new rules and regulations in accordance with the order of the court. Jurisdiction of the matter should be retained so that the trial court, if necessary, may review the new rules and regulations as prepared by the Commissioner. (Appeal from order of Supreme Court, Erie County granting petitioners' motion for partial summary judgment.) Present — Bastow, J. P., Goldman, Henry, Del Vecchio, and Marsh, JJ. [45 Misc 2d 923.]